[Cited, *Boro v. Holtzhauer,* 23 Ky. L. 2317, 67 S. W. 30.]

---

## MARION GILLAM *v.* COMMONWEALTH.

**Continuance on Account of Absent Witnesses.**

Where an indictment in a criminal case was returned August 17, and the defendant arrested on the same day, and the case is set for trial on August 23, and the defendant had subpoenas for his witnesses issued returnable August 23, but none of them appeared on his application for a continuance the court should have continued the cause, especially where the charge was that the defendant detained his own daughter against her will for the purpose of having carnal knowledge with her, and it is shown that one of defendant's witnesses was sick and the other not in the county.

### APPEAL FROM KNOX CIRCUIT COURT.

November 1, 1883.

OPINION BY JUDGE PRYOR:

On the 17th of August the indictment in this case was returned into court, and on the same day the prisoner was found in the custody of the jailer and the trial fixed for the 23rd of the same month.

The crime with which appellant stands charged was alleged to have been committed on the 15th of the month.

The appellant had subpoenas issued for his witnesses and placed in the hands of the sheriff. The witnesses were not present on the 23rd when the case was tried and an affidavit filed for a continuance. One of the witnesses was out of the county and the other at home sick. The only witness against the appellant was his own daughter, and upon her testimony the conviction was based. She charged him with detaining her against her will for the purpose of having carnal knowledge with her, etc. The attempt on the part of the father to commit such a crime is so unnatural and revolting, and the story of the daughter so unreasonable, as demands a return of this case and that the appellant be afforded an opportunity of preparing his defense.

The daughter states that when her father made the attempt she kicked him out of bed in a room where was sleeping both her mother and grandmother; that their beds was almost touching, and when she kicked her father from her he kindled a fire or made a light in the room, and nothing more was said about it for several days, and then the communication seems to have been made to the grand jury. This witness states that she was angry with her father because he had charged her of being too fond of some one in the neighborhood, and while she stands uncontradicted the character of the testimony as found in this record no doubt causes a reluctant conviction by the jury trying this man's case. The grandmother was in the room and she should be permitted to tell what took place on that night. She was unable to get to the court room, and the appellant being in custody could not bring her to court if she had been able to testify. The court erred in refusing a continuance of the cause, and while this court can not reverse a judgment based on the testimony authorizing a conviction if the witness is to be believed, still we can not refrain from saying that a jury should be well satisfied of the guilt of the accused before convicting him of such a heinous offense as the attempt to carnally know his own daughter.

Judgment *reversed* and cause remanded with directions to award a new trial.

*Eugene P. Moore, for appellant.*

*P. W. Hardin, for appellee.*